IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HCC AVIATION INSURANCE GROUP, INC. and UNIVERSAL LOSS MANAGEMENT, INC., | § § § § | |
| Petitioners, | § § | |
| v. | § § | Civil Action No. 3:05-CV-744-M |
| EMPLOYERS REINSURANCE CORPORATION, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Respondent's Motion to Dismiss or Stay Petitioners' Petition to Confirm the Arbitration Award. This Court is of the opinion that Respondent's Motion should be DENIED.

### Background

Respondent filed suit against Petitioners in West Virginia state court in September of 2001. On December 2, 2002, the West Virginia court issued an order staying the proceedings, pending arbitration. Pursuant to the parties' Reinsurance Agreement, the court ordered the parties to proceed to binding arbitration before an arbitration board in Dallas, Texas. The parties complied, and the arbitration board denied Respondent's claims.

On April 15, 2005, in accordance with Article 22 of the Reinsurance Agreement, Petitioners submitted to this Court their Petition to Confirm the Arbitration Award. Three weeks later, Respondent filed a motion in West Virginia state court, seeking to vacate the arbitration award.

## Analysis

Article 22 of the parties' Reinsurance Agreement stipulates that "any and all disputes ... shall be submitted to the decision of a board of arbitration ... meeting at a site in Dallas, Texas." This agreement allows either party to "apply to the United States District Court for an order confirming any decision and the [arbitration] award." Respondent asks this Court to dismiss or stay Petitioners' Petition to Confirm the Arbitration Award. It argues that the parties modified the forum selection provision of the Reinsurance Agreement, and agreed to bring all such actions in West Virginia, when they proposed the agreed "Order to Stay Proceedings for Binding Arbitration" in the West Virginia action. Respondent cites the second paragraph of the West Virginia court's agreed Order, which reads, "this court shall retain jurisdiction over the matter so that an arbitration award and/or any resolution by settlement may be entered in this court and enforced by this court, *if necessary and appropriate*." [Emphasis added]. Alternatively, Respondent asks this Court to exercise its discretion to abstain from adjudicating Petitioners' Petition to Confirm the Arbitration Award.

The Court determines that the West Virginia court's "Order to Stay Proceedings for Binding Arbitration" does not modify the forum selection provision of the Reinsurance Agreement. The phrase "if necessary and appropriate" is at best permissive. There is no indication the parties agreed that the West Virginia state court would retain exclusive jurisdiction over post arbitration proceedings. Respondent has not produced any other evidence to show that Petitioners waived their rights under the parties' Reinsurance Agreement to bring their action in this forum. Thus, the state court's Order neither diminishes nor eliminates Petitioners' right to confirm the arbitration award in the United States District Court for the Northern District of Texas.

The remaining question is whether discretionary abstention is appropriate in light of Respondent's Motion to Vacate the Arbitration Award, which is pending in West Virginia. In deciding whether to abstain from exercising jurisdiction, this Court applies the "exceptional circumstances" test outlined in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1 (1983). *See also Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002) (the *Colorado River* abstention doctrine applies when there are parallel proceedings, which are defined as actions involving the same parties and the same issues, pending in federal and state court). Only extraordinary conditions warrant this Court's abstention from exercising jurisdiction over Petitioners' Petition to Confirm the Arbitration Award. *See RepublicBank Dallas, National Association v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987), citing *Colorado River*, 428 U.S. at 819 ("Even in the instance of truly parallel cases, one pending in state and the other in federal court, current Supreme Court authority indicates that 'only the clearest of justifications' will warrant the federal court's staying its hand").

In determining whether any exceptional circumstances exist that would warrant this Court's abstention from exercising its jurisdiction, this Court considers six factors: (1) whether either court first assumed jurisdiction over property, (2) whether the federal forum is inconvenient, (3) the desirability of avoiding piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) whether federal law provides the rules of decision on the merits, and (6) whether the state court can adequately protect the rights of the party invoking federal jurisdiction. *See Colorado River*, 428 U.S. at 818; *Moses H. Cone*, 460 U.S. at 23 and 26. The decision to dismiss or stay a federal action because of parallel proceedings in state court rests not on a mere checklist, but rather, on balancing these factors,

with the balance weighted heavily in favor of exercising federal jurisdiction. *Moses H. Cone*, 460 U.S. at 16.

Respondent does not raise the inapplicable first factor, or the second factor as relevant here. In fact, the second factor, inconvenience of the federal forum, does not weigh in favor of abstention because the Reinsurance Agreement stipulated to, and the parties participated in, arbitration in Dallas, Texas.

By balancing the remaining factors, this Court finds that it should not abstain from exercising its jurisdiction. First, the consideration of avoiding piecemeal litigation does not weigh in favor of abstention. Since the two actions involve the same plaintiffs, the same defendant, and the same issue of whether the arbitration award should be confirmed or vacated, this parallel litigation is not piecemeal, but rather, duplicative. *See Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (federal and state cases involving the same plaintiff, the same defendant, and the same issue of whether the defendant was liable for age discrimination against the plaintiff were considered duplicative, not piecemeal). The Fifth Circuit instructs that the prevention of duplicative litigation "is not a factor to be considered in an abstention determination." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988), *citing Colorado River*, 424 U.S. at 817.

The order in which the two cases arose also fails to weigh in favor of abstention. The Court looks to the relative progress between the two parallel actions, not merely the timing of the suit's filing. *Moses H. Cone*, 460 U.S. at 21 (priority of jurisdiction "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). Although Respondent filed its lawsuit in West Virginia state court in 2001, Petitioners filed their post-arbitration Petition in this Court before Respondent

filed its post-arbitration Motion in West Virginia state court. The West Virginia court conducted only limited proceedings in the initial 2001 case, and has made no more progress on the post-arbitration proceedings than has this Court. Thus, this factor is neutral regarding whether this Court should refrain from exercising jurisdiction over the Petition to Confirm the Arbitration Award.

It appears that both Texas state law and federal law govern the post-arbitration proceedings in this case. Article 24 of the Reinsurance Agreement stipulates in part, "this Agreement shall be governed by and construed according to the laws of Texas...." As such, Texas state law provides the rules of decision on the merits of the arbitration award. Federal law, in turn, provides the procedures by which the parties may petition a court to confirm or vacate the arbitration award. *See* 9 U.S.C. § 9 (2004) ("at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title"). Nowhere does the parties' Reinsurance Agreement reference West Virginia state law. Accordingly, the fifth factor does not weigh in favor of abstention.

With regard to the sixth factor, this Court need not consider the extent to which a West Virginia state court can adequately protect Petitioners' rights. The Fifth Circuit instructs that at most, this factor can only be a neutral one, and thus it fails to tip the balance in favor of abstention. *See Evanston*, 844 F.2d at 1193 (the nature of this factor is that "it can only be a neutral factor or one that weighs against, not for, abstention."). The Court therefore finds that none of the *Colorado River* factors weigh in favor of this court's abstaining from adjudicating Petitioners' claims.

**Conclusion**

After reviewing the factors in *Colorado River's* "exceptional circumstances" test, the Court finds abstention inappropriate. Respondent's Motion to Dismiss or Stay Petitioners' Petition to Confirm the Arbitration Award is DENIED. The Court takes Petitioners' request for an expedited hearing under advisement. If Respondent wishes to file a brief in opposition to the Petition to Confirm the Arbitration Award, it shall do so on or before July 8, 2005.

**SO ORDERED.**

**DATED:** June 30, 2005.

_____
Barbara M. G. Lynn
UNITED STATES DISTRICT JUDGE