**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HCC AVIATION INSURANCE GROUP, | § | |
| INC. and UNIVERSAL LOSS | § | |
| MANAGEMENT, INC., | § | |
| | § | |
| Petitioners, | § | |
| | § | Civil Action No. 3:05-CV-744-M |
| vs. | § | |
| | § | |
| EMPLOYERS REINSURANCE | § | |
| CORPORATION, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioners' Petition to Confirm the Arbitration Award and Respondent's Motion to Vacate the Arbitration Award. For the following reasons, the Court is of the opinion that Petitioners' Petition should be DENIED, and Respondent's Motion should be GRANTED.

### Background

This action is the third in a series of lawsuits arising from an aircraft accident that occurred in 1996. In the initial suit, the aircraft's student-pilot sued his instructor, in West Virginia state court, for personal injuries he suffered during the crash. The instructor sought indemnification from his insurer, Ranger Insurance Company ("Ranger"). Ranger refused to defend and indemnify the instructor. The student-pilot and instructor settled the personal injury claims, and they jointly asserted bad faith claims against Ranger. Subsequently, Ranger entered into a settlement with the parties.

In September of 2001, Ranger and its reinsurer, Respondent Employers Reinsurance Corporation ("ERC"), filed a second lawsuit in West Virginia state court against its defense attorneys in the first suit, and against Petitioners HCC Aviation Insurance Group, Inc. ("HCC") and Universal Loss Management, Inc. ("ULM").  Petitioners are "claims handling facilities," the entities responsible for managing the Ranger insurance claims at issue in the personal injury suit.  In the second action, ERC and Ranger alleged Petitioners breached a Management Agreement, and committed negligent claims handling by breaching their "implied duty of utmost good faith".  ERC argued it was equitably subrogated to Ranger's claims because it funded Ranger's settlement of the first action.

HCC and ULM filed a Motion to Dismiss the second action, pursuant to Rule 12 of the West Virginia Rules of Civil Procedure.  Petitioners alleged, among other things, that Article 13 of the Reinsurance Agreement between ERC and HCC[1] precluded ERC from suing them.  In Article 13, ERC agreed to indemnify HCC for any "extra-contractual obligations" that it incurred in connection with its "failure to pay or delaying in payment any benefits under any policy."  Petitioners argued the contract required ERC to indemnify HCC for its allegedly negligent handling of the student-pilot's insurance claim.  Although ULM was not a signatory to the Reinsurance Agreement, Petitioners argued ULM was also entitled to indemnification under Article 13, because ULM was acting at all times as HCC's agent.

On July 29, 2002, the West Virginia court issued an Order addressing Petitioners' Motion to Dismiss.  The court declined to dismiss ERC's claims against Petitioners for negligent claims handling, and it declined to dismiss the breach of contract claim against HCC.  The court stated that it could "not accept the proposition that ULM is a party under the [Reinsurance] Agreement

---

[1]The parties to the Reinsurance Agreement were ERC and Signal Aviation, the predecessor to HCC.

just because it is an agent of HCC**.**"  Although HCC was potentially indemnified under Article 13 for its own actions, the court found HCC would "be responsible for acts that ULM committed while acting within the scope of its authority for HCC."

On December 2, 2002, the West Virginia court issued a second Order, in which it held that ERC's remaining claims were subject to the parties' arbitration agreement.  The court ordered that all "legal and equitable claims remaining between the parties as ordered, adjudged, and decreed by this Court's Order dated July 29, 2002, shall be stayed and submitted to one arbitration panel for binding arbitration." Before the commencement of arbitration proceedings in Dallas, Texas, counsel for ERC and Petitioners exchanged correspondence regarding the scope of the arbitration proceedings. Their arbitration agreement, at Article 22A, requires that the Notice requesting arbitration be in writing and "state in particular all issues to be resolved in the view of the claimant."   By their correspondence, they specifically identified ERC's remaining claims against Petitioners as "whether HCC/ULM was negligent in their claims handling of the [accident], whether the Management Agreement was breached, and whether HCC/ULM breached its duty of utmost good faith to ERC, the reinsurer."

On April 8, 2005, the arbitration panel issued a Final Award in favor of Petitioners.  The panel determined that the parties to the Reinsurance Agreement, ERC and HCC, had intended for the coverage provided under Article 13 of the Reinsurance Agreement to apply to both HCC and ULM.  Accordingly, the arbitrators found ERC was precluded from recovering against either of the Petitioners.  Petitioners now seek confirmation of the arbitration award, and Respondent seeks to have the arbitration award vacated.

**Analysis**

The Court exercises "extraordinarily narrow" review of arbitration awards. *Prestige Ford v. Ford Dealer Computer Services, Inc.*, 324 F.3d 391, 393 (5th Cir. 2003) (citing *Gateway Technologies, Inc. v. MCI Telecommunications Corp.*, 64 F.3d 993, 996 (5th Cir. 1995)). The proper grounds for vacatur of an arbitration award are found principally in the text of the Federal Arbitration Act ("FAA"). Relevant to this dispute is 9 U.S.C. § 10(a)(4), which allows the Court to vacate the arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Alternatively, the Court may vacate an arbitration award on non-statutory grounds, where the arbitrators exercised "manifest disregard of the law." *Prestige Ford*, 324 F.3d at 395.

Having reviewed the evidence and argument presented by the parties, the Court is of the opinion the arbitration panel exceeded its powers when it concluded ULM was entitled to indemnification under Article 13 of the Reinsurance Agreement between HCC and ERC. In their Motion to Dismiss, Petitioners expressly requested the West Virginia court to rule that: (1) ERC was contractually obligated to indemnify ULM for ULM's allegedly negligent conduct; and (2) therefore, ERC's claims against ULM, and its claims against HCC seeking to hold HCC liable for the conduct of ULM, should be dismissed. The West Virginia court rejected Petitioners' argument, and held that "HCC will be responsible for acts that ULM committed while acting within the scope of its authority for HCC." On its face, this conclusion is a finding of law, which, under the "law of the case" doctrine, is "binding precedent to be followed in successive stages of the same litigation." *F.D.I.C. v. McFarland*, 243 F.3d 876, 884-85 (5th Cir. 2001).

By necessary implication, the July 29, 2002 Order holds that coverage under Article 13 is unavailable to ULM. Had the trial court determined that a question of fact existed as to the

scope of Article 13's protections, it would have been unable to find HCC responsible for the acts

of its agent.  In light of the trial court's implicit conclusion, the indemnification argument should

not have been revisited by the arbitration panel.  *Id.* (the "law of the case" doctrine restricts the

scope of subsequent proceedings, "regardless of whether the issue was decided expressly or by

necessary implication.").

Petitioners disagree, arguing the West Virginia court's Order was not binding on the

arbitration panel, because the Order addressed a Motion to Dismiss, and was necessarily limited

to the narrow question of whether ERC had stated a claim for relief against Petitioners.

Petitioners assert that the law of the case doctrine is inapplicable in such circumstances. *See*

*Lockheed Martin Corp. v. Network Solutions, Inc.*, 141 F. Supp.2d 648, 654 (N.D. Tex. 2001)

(the law of the case doctrine was not applicable when "all the court decided by its order denying

the motion to dismiss was that plaintiff should be allowed to proceed with its claims.").

However, the trial court's analysis of the Motion undoubtedly included a consideration of

whether Article 13 was available to ULM, and the court could not have addressed that issue

without reviewing the terms of the parties' Reinsurance Agreement.   When a West Virginia

court's adjudication of a motion to dismiss involves the reviewing of evidence outside the

parties' pleadings, the motion to dismiss is automatically converted into a motion for summary

judgment.  *See Shaffer v. Charleston Area Medical Center, Inc*., 485 S.E.2d 12, 17 (W. Va.

1997).[2]  Therefore, once the West Virginia court considered the parties' Reinsurance Agreement,

---

[2]Petitioners argue the Reinsurance Agreement was not "outside" the parties' pleadings because it was
affixed to ERC's Complaint, and was central to ERC's claims.  However, Petitioners do not cite the Court to any
West Virginia authorities supporting their argument that such documents are deemed to be within the parties'
pleadings.  The Court has been unable to locate any such authorities.

its findings became binding precedent for subsequent stages of this case, irrespective of the label affixed to Petitioners' motion.  *See id.*

Moreover, the Court finds the arbitration panel exceeded its authority by considering an issue that was beyond the scope of the parties' submission agreement.  *See Executone Information Systems, Inc. v. Davis*, 26 F.3d 1314, 1323 (5th Cir. 1994) (an arbitration panel's jurisdiction is confined by the language of the arbitration provision of the parties' contract, and by any submission agreement the parties may have had).  After the West Virginia court referred ERC's claims to arbitration, the parties agreed to arbitrate the "claims remaining between the parties," as "set forth" by the West Virginia court in its July 29, 2002 Order.  The parties agreed that those claims included "whether HCC/ULM was negligent in their claims handling of the [accident], whether the Management Agreement was breached, and whether HCC/ULM breached its duty of utmost good faith to ERC, the reinsurer."   The Court finds this correspondence constituted a submission agreement, which limited the scope of the arbitrators' jurisdiction to the merits of ERC's negligence and breach of contract claims against Petitioners. *See id.*   Since the West Virginia court's July 29 Order had already resolved ULM's indemnification argument under Article 13, and since the parties agreed that the issues resolved in the July 29 Order would not be revisited in arbitration, the Court finds the arbitration panel erred by reaching the indemnification argument.  *See id.*

## Conclusion

For these reasons, the Court finds the Arbitration Award, dated April 8, 2005, should be VACATED, and Petitioners' Petition to Confirm the Arbitration Award should be DENIED. The case is remanded to the arbitration panel to consider those issues properly before it pursuant to the Court's July 29, 2002 and the parties' correspondence.

6

**SO ORDERED.**

**DATED:** September 13, 2005.

Barbara M. G. Lynn
UNITED STATES DISTRICT JUDGE